IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:08CR488-6

SAMI BROWN,

    Petitioner.

## MEMORANDUM OPINION

Sami Brown, a federal inmate proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). (Docket No. 201.) Brown makes only the following claim: "Ineffective Assistance of Counsel for failing to file a requested notice of appeal." (§ 2255 Mot. 5.) The Government filed a Motion to Dismiss. (Docket No. 205.) Brown has replied. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

A Grand Jury returned an indictment charging Brown with conspiracy to distribute and to possess with the intent to distribute fifty grams of more of cocaine base. (Indictment (Docket No. 3) 1.) Pursuant to a Plea Agreement, Brown pled guilty to Count One of the Indictment. (Plea Agreement (Docket No. 130) ¶ 1.) The Court sentenced Brown to the statutory

minimum sentence of 120 months of imprisonment. See 21 U.S.C. §§ 841(b), 846. Brown did not appeal.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Brown claims that "on the date of sentencing, October 28, 2009 he asked counsel [Reginald Barley] to perfect an appeal regarding the sentencing disparity between powder cocaine and crack cocaine . . . . Counsel advised Brown that he would file an appeal dealing with the sentencing disparity." (Mem. Supp. § 2255 Mot. 2.)[1] Brown further states that "[s]ince then I have not heard from counsel, but I was under the impression that an appeal had been filed."[2] (Brown Aff. 1.)

An attorney's failure to file a requested appeal is per se ineffective assistance of counsel.[3] See Roe v. Flores-Ortega,

---

[1] Because Brown did not number the pages of this document, citations will refer to the page numbers assigned by the Court's CM/ECF system.

[2] Brown does state that, on September 3, 2010, he wrote Barley a letter "regarding the appeal discussed on sentencing day." (Mem. Supp. § 2255 Pet. 2.) However, Brown does not further elaborate on the contents of the letter.

[3] The Court notes that a split of authority exists respecting whether a lawyer is per se ineffective when the lawyer fails to file a notice of appeal despite his client's wishes, even when the defendant has waived his right to appeal and has no meritorious issues to raise. The United States Court of Appeals for the Seventh Circuit departs from the majority of circuits, and holds that counsel is not per se ineffective for honoring a client's written waiver of appeal instead of the client's later oral instruction to appeal. Nunez v. United

528 U.S. 470, 483-86 (2000). The United States Court of Appeals for the Fourth Circuit holds that "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests."[4] Poindexter, 492 F.3d at 273. The Fourth Circuit instructs that "when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed." Id. at 272. That is the case here.

Accordingly, the Government's Motion to Dismiss (Docket No. 205) will be denied and Brown's claim will be referred to the Honorable M. Hannah Lauck, United States Magistrate Judge, for all further proceedings including an evidentiary hearing, if necessary. The record will be expanded under Rule 7 of the

---

States, 546 F.3d 450, 456 (7th Cir. 2008). Despite this contrary precedent from a different circuit, this Court adheres to the principles announced by the Fourth Circuit. See United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007).

[4] The Court notes that Brown waived his right to appeal in the Plea Agreement. (Plea Agreement (Dk. No. 130) ¶ 6.) The Fourth Circuit generally upholds the validity of appeal waivers entered into knowingly and voluntarily. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (citing United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992)).

3

Rules Governing § 2255 Motions. The record will be expanded to include documents as described in the accompanying Order.

### III. CONCLUSION

The Government's Motion to Dismiss (Docket No. 205) will be denied. Brown's claim will be referred to the Honorable M. Hannah Lauck, United States Magistrate Judge, for all further proceedings including an evidentiary hearing, if necessary. The record will be expanded under Rule 7 of the Rules Governing § 2255 Motions. The record will be expanded to include documents as described in the accompanying Order.

The Clerk is directed to send a copy of the Memorandum Opinion to Brown and counsel for the United States.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: May 1, 2012
Richmond, Virginia